UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES LYNCH ) | |
| ) | Case No.: |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| COCA-COLA BOTTLING COMPANY ) | |
| UNITED, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

# **COMPLAINT FOR DAMAGES**

COMES NOW, James Lynch ("Plaintiff"), through undersigned counsel, and files this complaint for damages against Coca-Cola Bottling Company United, Inc. ("Defendant"), and for his complaint shows the following:

## I.   **Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

1

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees, and costs for Defendant's violation of the Family Medical Leave Act ("FMLA").

**Jurisdiction and Venue**

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant conducts a substantial amount of its business in this district and its principal place of business is in this district.

II. **Parties and Facts**

5.

Plaintiff is a male citizen of the United States of America and is subject to the jurisdiction of this Court.

6.

At all times relevant Defendant was qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process at the following address: The Corporation Company, 410 Peachtree Parkway Suite 4245, Cumming, Georgia 30041

8.

Plaintiff became employed with Defendant on around April 15, 2023, as a Machine Operator.

9.

Plaintiff has been diagnosed with heart disease.

10.

Plaintiff applied for and was subsequently approved for intermittent FMLA leave.

11.

In early May 2025, Plaintiff exercised his rights under the FMLA when he used time off for his medical condition protected under the FMLA.

12.

On May 7, 2025, Plaintiff was terminated. Defendant terminated Plaintiff for an absence protected under his approved intermittent FMLA leave.

## COUNTS I & II
## (FMLA INTERFERENCE AND RETALIATION)

13.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

14.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

15.

Plaintiff worked more than 1250 hours during the 12-month period immediately preceding his FMLA protected absences, requested leave, and termination. Plaintiff was employed by Defendant for more than 12 months preceding her FMLA protected absences, request for leave and termination.

16.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2023 and 2024 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

17.

Plaintiff was an eligible employee under the FMLA.

18.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, entitling him to all appropriate relief under the statute.

19.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

20.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

21.

Defendant terminated Plaintiff because of his need for FMLA leave and/or due FMLA protected work absences. Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and/or retaliation.

22.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

23.

As a result of his termination, Plaintiff has suffered lost wages and other damages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is entitled to liquidated damages.

24.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant, from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

Respectfully submitted the 24th day of June, 2025.

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
GA Bar No.: 702063
MORGAN & MORGAN
191 Peachtree Street, N.E., Ste. 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel: (404) 965-1682
E-mail: jstephens@forthepeople.com